IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CR192 |
| | ) | |
| v. | ) | |
| | ) | |
| ANTONIO R. AZPEITIA, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on defendant's motion for eligibility status (Filing No. 56), motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Filing No. 58) and on the motion to withdraw as attorney (Filing No. 61) filed by Kelly M. Steenbock and the Office of the Federal Public Defender.

The Office of the Federal Public Defender was appointed to represent defendant to determine whether he would qualify for federal habeas relief under *Johnson v. United States*, 135 S.Ct. 2552 (2015). Rule 4(b) of the rules that govern § 2255 proceedings requires an initial review of the defendant's motion. If it appears the moving party is not entitled to relief, the Judge must dismiss the motion.

Defendant entered a plea of guilty to three counts of the indictment. On November 13, 2009, the Court sentenced defendant to 140 months on Counts I, II and III, said sentence to

run concurrently with the sentence imposed in 8:09CR4.  On September 9, 2015, defendant's sentence was reduced to 130 months pursuant to 18 U.S.C. § 3582(c)(2).

The Federal Public Defender has reviewed this case and determined that defendant had no prior conviction that was used to enhance his sentence.  The *Johnson* decision has no application to his case.  Defendant's motion for eligibility status will be denied as moot.  The motion to withdraw will be granted, and defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody will be denied.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 15th day of September, 2016.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court